**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MISHON BOUYER, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:08-CV-0856-RWS
WALTER ROUNSOVILLE, in his :
individual capacity as Police :
Officer of the City of Atlanta :
Police Department, et al., :
:
    Defendants. :

## **ORDER**

This case is before the Court for consideration of City Defendants' Motion to Dismiss [4]. After reviewing the entire record, the Court enters the following Order.

### **Background[1]**

Plaintiff filed the present action against Walter Rounsoville, ("Rounsoville") in his individual and official capacity as a police officer for the City of Atlanta; Richard J. Pennington, ("Chief Pennington") in his individual and official capacity as Chief of Police for the City of Atlanta; the City of

---

[1] The facts included in the Background are taken from Plaintiff's Complaint.

Atlanta (the "City"); Rail Events, LLC; Rail Events, LLC d/b/a The Compound; AG Entertainment, LLC; AG Entertainment, LLC, d/b/a The Compound; AG Entertainment, LLC formerly known as Rail Events, LLC d/b/a/ The Compound; Michael Gidewon; Ainealem Gidewon; and Michael Boles. Count Two of the Complaint alleges that Chief Pennington and the City (the "City Defendants") violated Plaintiff's constitutional rights and seeks to recover pursuant to 42 U.S.C. 1983. Counts Five, Eight, Nine, Ten, Eleven, and Twelve of the Complaint allege state law claims against the City Defendants for criminal trespass, malicious prosecution, intentional infliction of emotional distress, negligence, and negligent hiring and retention.

The allegations arise out of an incident that occurred on August 27, 2006. (Compl. at ¶ 14). On that date, Plaintiff was a patron at The Compound nightclub. (Id.) Plaintiff left the nightclub and drove her vehicle from the parking lot north on Brady Avenue toward 10th Street. (Id. at ¶¶ 15-16). Rounsoville was standing in the street near the intersection of Brady Avenue and 10th Street. (Id. at ¶ 17). Rounsoville pointed his firearm at Plaintiff's vehicle and discharged at least three (3) rounds into the vehicle, striking Plaintiff (Id. at ¶¶ 19-21). Plaintiff exited her vehicle and was thrown to the ground by Rounsoville who placed her under arrest. (Id. at ¶¶ 22-24). Plaintiff

2

was charged with aggravated assault on a law enforcement officer. (Id. at ¶ 25). Plaintiff was taken to the Fulton County Jail and held until she was taken before a Fulton County magistrate judge approximately 36 hours later. (Id. at ¶ 26). The Magistrate Judge dismissed the charges against Plaintiff, and no additional charges have been brought against her. (Id.). Thereafter, Plaintiff brought the present action.

## Discussion

The City Defendants filed a Motion to Dismiss [4] seeking dismissal of the claims against Chief Pennington in both his individual and official capacities as well as the claims against the City of Atlanta. In her response, Plaintiff abandoned her claims against Chief Pennington in his official capacity as well as all state law claims against the City of Atlanta. (Resp. Br. [7] at 5). Therefore, the City Defendants' Motion will be granted as to those claims. The Court will now address the remaining claims against the City Defendants.

## I. Motion to Dismiss Standard

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation

3

omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." (Id. at 1965). The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." (Id.)

## II. Individual Capacity Claims Against Chief Pennington

Plaintiff does not allege any direct personal involvement by Chief Pennington in the events in issue. Rather, she alleges that "Chief Pennington maintained a system of review of police conduct which is so untimely and

4

cursory as to be ineffective and to permit and tolerate the unreasonable use of excessive force." (Compl. at ¶ 30). This is the only federal claim asserted against Chief Pennington.

Chief Pennington asserts that the claim is a claim for negligence and based upon a theory of *respondeat superior*. "Supervisory personnel . . . cannot be held liable under section 1983 for the actions of their subordinates under a theory of *respondeat superior*." Adams v. Poag, 61 F.3d 1537, 1544 (11th Cir. 1995). Liability may be imposed upon supervisors only when there is a causal connection between the official's acts or omissions and the alleged constitutional deprivation. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1192 (11th Cir. 1994). Such a causal connection may be established by evidence that the supervisor personally participated in the alleged constitutional violation, adopted a policy that violated the prisoner's rights, or failed to adopt a policy that would protect the prisoner's rights. Adams, 61 F.3d at 1543.

Plaintiff has only offered conclusory allegations connecting Chief Pennington with the actions of Rounsoville. "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001). Plaintiff's representation that she "will prove that the Chief's

5

personal involvement or the intentional lack thereof in the policy that maintained an untimely review of police conduct was the proximate cause of Plaintiff's injuries," does not satisfy her obligation to adequately plead a claim in her Complaint. Because Plaintiff has failed to allege facts creating a plausible connection between the actions of Rounsoville and Chief Pennington, the federal claim against Chief Pennington is due to be dismissed.

As for the state law claims against Chief Pennington, Chief Pennington asserts that he is entitled to official immunity for such claims. The doctrine of official immunity offers public officers and employees limited protection from suit in their personal capacity. Cameron v. Lang, 549 S.E.2d 341, 344 (Ga. 2001). Under Georgia law, an officer "may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const. art. 1, § 2, ¶ IX(d); see O.C.G.A. § 36-33-4. Chief Pennington asserts that the actions alleged against him in the Complaint all come within his discretionary authority. He further asserts that Plaintiff failed to plead facts that would support a finding that his actions were undertaken intentionally or maliciously. In her response, Plaintiff does not

6

refute Chief Pennington's position. The Court finds that Chief Pennington is entitled to official immunity for Plaintiff's state law claims.

**III. Claims Against the City**

Plaintiff's federal claim against the City rests on similar allegations to those asserted against Chief Pennington. Plaintiff alleges that the City "maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable excessive use of force, criminal trespass, false arrest, false imprisonments and malicious prosecutions by police officers." (Compl. at ¶ 30). Plaintiff also alleges that it was the City's policy to "authorize certain officers. . .to cover up the use of excessive force, criminal trespass, false arrest, false imprisonment, malicious prosecutions, and other misconduct." (Id. at ¶ 32). Plaintiff further alleges that this policy and practice of the City "encouraged and caused constitutional violations by police officers of the City of Atlanta." (Id.). In its Motion, the City asserts that it cannot be held liable on a *respondeat superior* theory and that Plaintiff has failed to allege an unconstitutional City policy that would serve as the basis for liability. In her Response, Plaintiff simply asserts that her allegation "that her injuries were caused when the City promulgated a

policy that included the intentional cover up of the use of excessive force" is insufficient to overcome the Motion to Dismiss. (Resp. Br. at 5).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory." Monell v. Dept. of Social Servs. of City of N.Y., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The Supreme Court requires "a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). A custom is a practice that is so settled and permanent that it takes on the force of law. Monell, 436 U.S. at 690-91. The policy or custom must be "the moving force behind the constitutional violation." Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc) (internal quotations omitted). "Further, where a plaintiff seeks to establish that a [city] policy worked a constitutional deprivation through 'custom or practice' in which the

8

[city] was deliberately indifferent to constitutional violations, a plaintiff must show that the [city] had subjective knowledge of a risk of serious harm and consciously disregarded that risk." Moore v. Miami-Dade County, 502, F.Supp.2d 1224, 1231 (S.D.Fla. 2007)(citing Cagle v. Sutherland, 334 F.3d 1248, 1255 (11th Cir. 2003). "This 'official policy' requirement [is] intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action *for which the municipality is actually responsible*.'" Grech, 335 F.3d at 1329 n.5 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)) (third emphasis added by Eleventh Circuit).

Plaintiff's conclusory allegations regarding the City's policy fail to satisfy the pleading requirements under Twombly. Reyes v. City of Miami Beach, No. 07-22680-CIV, 2008 W.L. 686958, at *14 (S. D. Fla. March 13, 2008). Therefore, Plaintiff's federal law claims against the City are due to be dismissed.

## Conclusion

Based on the foregoing, the City Defendants' Motion to Dismiss [4] is hereby **GRANTED**. The City of Atlanta and Chief Richard Pennington are

9

**DISMISSED** from this action.

    **SO ORDERED**, this  15th  day of July, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)